UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────

UNITED STATES OF AMERICA

        - against -                  17-cr-402 (JGK)

JASON EDWARDS,                  MEMORANDUM OPINION &
                                    ORDER

                        Defendant.
───────────────────────────────

**JOHN G. KOELTL, District Judge:**

On January 9, 2018, the defendant, Jason Edwards, pleaded guilty to one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1344, in violation of 18 U.S.C. § 1349. Dkt. Nos. 81, 98. On April 20, 2018, the Court sentenced the defendant to 15 months' imprisonment and a 5-year term of supervised release. Dkt. No. 108. The sentence was to run consecutively to a state court sentence for a violent offense that the defendant had previously committed. Id. The defendant is incarcerated at the New York State Cayuga County Jail and completed his state court sentence on March 16, 2020. Dkt. No. 151. Because of the COVID-19 pandemic, the defendant was not transferred to federal custody and has served approximate 4 months of his federal sentence at the Cayuga County Jail. Id. The defendant now moves to reduce his sentence, or in the alternative, to modify his term of supervised release to home detention for the period of time equal to his remaining term of incarceration, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons explained below, the motion is **denied**.

**I.**

As amended by Section 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), 18 U.S.C. § 3582(c) provides that:

> The court may not modify a term of imprisonment once it has been imposed except that
>
> (1) in any case –
>
>> (A) The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>
>>> (i) extraordinary and compelling reasons warrant such a reduction; . . .
>>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).

When deciding a motion brought pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the threshold question is whether the defendant has shown that "extraordinary and compelling reasons" exist to reduce the defendant's sentence. The relevant policy

statement promulgated by the Sentencing Commission provides that a reduced sentence for "extraordinary and compelling reasons" may be based on the defendant's medical condition where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A). Extraordinary and compelling reasons also exist when the defendant "(i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less," id. at § 1B1.13 cmt. n.1(B), or in certain family circumstances, such as "death or incapacitation of the caregiver of the defendant's minor child" or "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner," id. at § 1B1.13 cmt. n.1(C). Furthermore, "extraordinary and compelling reasons" exist when "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with the reasons described in subdivisions (A)

through (C) [of the policy statement]." <u>Id.</u> at § 1B1.13 cmt.
n.1(D).

If "extraordinary and compelling reasons" exist, the Court
must then assure itself that a reduced sentence would be
consistent with the factors set out in 18 U.S.C. § 3553(a). <u>See</u>
<u>United States v. Lisi</u>, No. 15-CR-457, 2020 WL 881994, at *5
(S.D.N.Y. Feb. 24, 2020). Finally, before the court may reduce
the defendant's sentence, the policy statement requires the
Court to determine that the "defendant is not a danger to the
safety of any other person or to the community, as provided in
18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2).[1]

## II.

### A.

The defendant has not established that extraordinary and
compelling reasons exist that warrant an immediate termination
of the defendant's term of imprisonment.

The defendant admits that he is not a "high-risk inmate"
because he has no pre-existing medical conditions that make him
susceptible to COVID-19 or to particularly sever effects of that
disease. The defendant also states that COVID-19 is not as

---

[1] A defendant must also comply with the procedural exhaustion requirement set
out in 18 U.S.C. § 3582(c)(1)(A). Because the defendant is incarcerated at a
state facility, the defendant has not yet had the opportunity to exhaust his
remedies with the BOP. The Government does not argue that the defendant has
failed to exhaust his administrative remedies and the Government can waive
the administrative exhaustion requirement. <u>See e.g.</u>, <u>United States v.</u>
<u>Gentille</u>, No. 19-CR-590 (KPF), 2020 WL 1814158, at *3 (S.D.N.Y. Apr. 9, 2020)
(holding that Section 3582(c)(1)(A)'s exhaustion requirement is a claim-
processing rule that the Government can waive by failing to raise an
exhaustion argument).

prevalent at the Cayuga County Jail as at other facilities, but
that no statistics exist. However, the Government advises that
as of July 16, 2020, Cayuga County Jail had zero cases of COVID-
19 to date. Dkt. No. 155. The defendant was only 20 years old
when he was sentenced in 2018, Dkt. No. 108, and thus the
defendant cannot show extraordinary circumstances based on his
age. The defendant also does not argue that any family
circumstances would make him the sole caregiver for a child or
spouse. The defendant argues instead that Cayuga County Jail has
fewer services and remedial opportunities, such as vocational
programs, compared to the resources available at a federal
facility. The lack of specific training programs does not
constitute an extraordinary and compelling reason justifying
compassionate release.

**B.**

Because no extraordinary and compelling circumstances
exist, there is no basis to reconsider the sentencing factors in
18 U.S.C. § 3553(a). In any event, the Section 3553(a) factors
weigh against a reduction in sentence. The defendant has served
fewer than half of his 15-month sentence, which was a sentence
below the Sentencing Guidelines range of 27 to 33 months'
imprisonment. Dkt. No. 108. At the sentencing, the Court already
accounted for the Section 3553(a) factors, including the
seriousness of the offense, as well as mitigating factors such

as the defendant's difficult upbringing and the severity of the state court sentence. Id. None of these factors have changed.

The defendant's request that the Court modify his term of supervised release to include home detention is not a proper alternative. Courts, "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)." 18 U.S.C. § 3582(c)(1)(A) (emphasis added). However, the Court declines to reduce the term of the defendant's imprisonment and thus the defendant's term of supervised release has not yet begun. To the extent that the defendant requested to convert his term of imprisonment into a term of home confinement, the authority to place a prisoner in home confinement rests with the BOP under 18 U.S.C. § 3624(c)(2), and the discretion to make such an order "lies solely with the Attorney General." United States v. Logan, No. 15-cr-27, 2020 WL 2559955, at *2 (W.D.N.C. May 20, 2020) (collecting cases).

Accordingly, the defendant's motion to reduce his sentence is **denied**.

**CONCLUSION**

The Court has considered all of the arguments raised by the parties. To the extent not specifically discussed above, the arguments are either moot or without merit. The defendant's application for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) is **denied.**

**SO ORDERED.**

**Dated:**      **July 20, 2020**
                **New York, New York**                 /s/ John G. Koeltl
                                                _____
                                                      **John G. Koeltl**
                                          **United States District Judge**

7